IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PNC BANK, National Association, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL NO. 11-476-GPM |
| TRAUBE CANVAS PRODUCTS, INC.; TODD A. TRAUBE REVOCABLE TRUST DATED OCTOBER 2, 2007; DON D. TRAUBE; and TODD A. TRAUBE, | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

The Court, on its own motion, has reviewed the complaint in the present case to determine whether it has subject matter jurisdiction. Under Federal Rule of Civil Procedure 12(h)(3), this Court is obligated to review its own jurisdiction *sua sponte*. *See Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) ("the court has an independent duty to satisfy itself that it has subject-matter jurisdiction"); *see also Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989). In light of Seventh Circuit Court of Appeals opinions, *see, e.g., Smith v. American Gen'l Life and Accident Ins. Co.*, 337 F.3d 888 (7th Cir. 2003); *Tylka v. Gerber Prods. Co.*, 211 F.3d 445 (7th Cir. 2000); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (7th Cir. 1992) (per curiam), this Court has undertaken a more rigorous initial review of complaints to ensure that jurisdiction has been properly pleaded.

Plaintiff brings this action under 28 U.S.C. § 1332 to recover on promissory notes and other guaranties executed by Defendants Traube Canvas Products, Inc., and Todd A. Traube Revocable

Trust Dated October 2, 2007; also named as Defendants are Don D. Traube and Todd A. Traube. Plaintiff properly alleges the citizenship of the corporate defendant and the individual defendants. However, Plaintiff has failed to properly allege its own citizenship and the citizenship of the defendant trust.

For purposes of federal diversity jurisdiction, the citizenship of a national banking association is determined by reference to both the national banking association's principal place of business and "the state listed in its organization certificate." *Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 994 (7th Cir. 2001), *citing* 28 U.S.C. § 1348. Plaintiff has alleged that it is a national banking association with its principal place of business in Pennsylvania but has not specifically identified the state listed in its organization certificate.

The citizenship of a trust, for purposes of federal diversity jurisdiction, is determined by the citizenship of the trustee or trustees. *See Goldstick v. ICM Realty*, 788 F.2d 456, 458 (7th Cir. 1986), *citing Navarro Savings Ass'n v. Lee*, 446 U.S. 458 (1980). Plaintiff's allegation that the trust defendant "is a revocable trust governed by the laws of the state of Illinois" and, therefore, "is a citizen of the state of Illinois" is woefully deficient (Doc. 2, ¶¶ 5-6).

Plaintiff seeks extraordinary relief in its Emergency Motion to Appoint Receiver and Emergency Motion for Hearing (Docs. 3, 8). Without knowing the state listed in Plaintiff's organization certificate and the citizenship of the trust defendant's trustee(s), the Court cannot determine whether diversity of citizenship jurisdiction exists. Notably, allegations based upon information and belief are insufficient to establish subject matter jurisdiction. *America's Best Inns*, 980 F.2d at 1074. As a court of limited jurisdiction, this Court cannot act until federal subject matter jurisdiction is established.

"[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect

appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992). Accordingly, pursuant to 28 U.S.C. § 1653, Plaintiff is **ORDERED** to file an Amendment to the Complaint **on or before June 20, 2011**, to establish its own citizenship and the citizenship of Todd A. Traube Revocable Trust Dated October 1, 2007.[1] If Plaintiff fails to file an Amendment to the Complaint in the manner and time prescribed or if, after reviewing it, the Court finds that Plaintiff cannot establish federal subject matter jurisdiction, the Court will dismiss the action for lack of jurisdiction. *See Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (remanding case because "[l]itigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear"); *see also Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) ("Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money.").

Only after jurisdiction is established and service is accomplished so that notice can be given in accordance with the Federal Rules of Civil Procedure, will this Court consider the "emergency" relief sought under Federal Rule of Civil Procedure 66.

**IT IS SO ORDERED.**

DATED: 06/13/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[1] The Court finds Plaintiff's allegations sufficient to establish the amount in controversy requirement.